ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v<br><br>JUAN QUIÑONES MELÉNDEZ<br><br>Imputado | KLCE202300607 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Crim. Núm.: N1VP202200768<br><br>Por: Art. 106A Código Penal |
| PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JAYSON M. RODRÍGUEZ GONZÁLEZ<br><br>Imputado | | Crim. Núm.: N1VP202200769<br><br>Por: Art. 106A Código Penal |
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>CHRISTIAN J. RIVERA MELÉNDEZ<br><br>**Peticionario** | | Crim. Núm.: N1VP202200770<br><br>Por: Art. 106A Código Penal |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Rivera Marchand y la Jueza Aldebol Mora

Rivera Marchand, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de mayo de 2023.

Comparece ante nos, el Sr. Christian Rivera Meléndez (Sr. Rivera Meléndez o peticionario) mediante una *Petición de Certiorari,*

Número Identificador

RES2023_____

acompañada de una *Urgente: Moción en Auxilio de Jurisdicción.* Solicita que, en auxilio de jurisdicción, paralicemos la continuación de la vista preliminar pautada para el 31 de mayo de 2023 a la 1:30 pm y que revoquemos la *Resolución* que notificó el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI o foro primario) el 18 de abril de 2023. Mediante su dictamen, el foro primario denegó el *Memorando en apoyo a solicitud de evidencia exculpatoria* que instó el Sr. Rivera Meléndez.

Por los fundamentos que exponemos a continuación, procede denegar la moción en auxilio de jurisdicción y la expedición del auto de *certiorari*. Veamos.

**I.**

Surge del expediente ante esta Curia que, el Ministerio Público presentó denuncias por violaciones al Artículo 106.A del Código Penal de 2004, Ley Núm. 149 de 18 de junio de 2004, (asesinato en primer grado), en contra de los imputados de epígrafe, por hechos ocurridos el 28 de junio de 2012.

Superadas las etapas iniciales, dio comienzo la vista preliminar. En ella, la representación legal del Sr. Rivera Meléndez discutió extensamente el convenio de inmunidad y cooperación (convenio) otorgado entre el Ministerio Público y el testigo principal de este caso, Jan Carlos Velázquez Vázquez (Sr. Velázquez Vázquez). Surge del expediente que, el convenio menciona que el Sr. Velázquez Vázquez está cooperando con el Ministerio Público en 13 querellas, sin embargo, de la faz del documento se desprende que, varias de ellas estaban tachadas o suprimidas impidiéndole a la defensa del Sr. Rivera Meléndez ver su contenido, particularmente, el número de querella y la fiscalía que realiza la investigación.

En reacción, el Ministerio Público expresó su anuencia a proveer los números de querellas de los casos ya radicados, mas no los correspondientes a los casos aún bajo investigación, por motivos de seguridad, entre otros factores. A esos efectos, durante la vista,

el Ministerio Público reveló al Sr. Rivera Meléndez los números de 4 querellas que pasaron de la etapa investigativa.

Así las cosas, el Sr. Rivera Meléndez presentó un *Memorando en apoyo a solicitud de evidencia exculpatoria.* Allí, argumentó tener derecho a obtener como evidencia exculpatoria todos los datos suprimidos, así como, la información sobre los beneficios que se le concederán al Sr. Velázquez Vázquez a cambio de su testimonio en las querellas tachadas. Añadió tener derecho a toda información y evidencia que examinó el propio Sr. Velázquez Vázquez que surgen de los expedientes de las querellas tachadas o suprimidas.

Por su parte, el Ministerio Público presentó una *Moción en oposición a la pretensión de la defensa que no tiene nada que ver con solicitud de prueba exculpatoria.* Argumentó que, no existe prueba exculpatoria que divulgar y que lo solicitado por la defensa no constituye prueba exculpatoria. Expuso que, los beneficios concedidos al Sr. Velázquez Vázquez, surgen íntegramente del convenio, son los mismos para todos los casos y no guardan relación con los números de querellas suprimidas. Alegó que, la solicitud del Rivera Meléndez es una expedición de pesca en los expedientes del Ministerio Público.

Evaluadas las posturas de ambas partes, el foro primario emitió el dictamen impugnado. Allí, concluyó que la defensa no estableció cuál es la evidencia exculpatoria que posee el Ministerio Público. Expuso, además, que el Sr. Rivera Meléndez no ha demostrado el estándar de materialidad en este caso, establecido jurisprudencialmente.[1] El foro primario consideró que, el peticionario no estableció que, las querellas bajo investigación en las cuales el Sr. Velázquez Vázquez está cooperando, constituyan prueba exculpatoria relacionada con los delitos imputados en el caso de epígrafe. Sobre tales determinó denegar el petitorio del Sr. Rivera Meléndez.

---

[1] El foro primario destacó lo resuelto en *Pueblo v Vélez Bonilla,* 189 DPR 705 (2013).

Inconforme, el peticionario acude ante esta Curia mediante *Petición de Certiorari,* acompañada de una *Urgente Moción en Auxilio de Jurisdicción.* En su recurso, señala como error lo siguiente:

> Erró el Tribunal de Primera Instancia al declarar no ha lugar la petición de descubrimiento de evidencia exculpatoria porque: 1) el Ministerio Público indujo a error al foro primario y a la defensa en cuanto el número de versiones del acuerdo de cooperación e inmunidad parcial que firmó el Sr. Velázquez Vázquez (testigo estrella) con el estado; 2) procede que el Ministerio Fiscal entregue al referido foro judicial los expedientes de los casos criminales, incluidos en el (los) "convenio(s)", para que evalúe su contenido y proporcione a la defensa la evidencia de carácter exculpatorio que obre en dichos sumarios fiscales, antes de comenzar el desfile de prueba de cargo en la vista preliminar.

Hemos examinado con detenimiento el recurso sometido por la recurrente. Optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5).

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023. Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que

debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020).

**III.**

El peticionario nos solicita la revocación de un dictamen interlocutorio emitido por el foro primario, pendiente la celebración de la vista preliminar. En él, el TPI denegó la solicitud de los imputados de descubrir la información relacionada a los números de querellas y a la región donde se llevan a cabo varias investigaciones en curso, por entender que no constituye prueba exculpatoria que el Ministerio Público esté obligado a descubrir.

Al entender sobre la expedición de un auto de *certiorari* de naturaleza discrecional, a esta Curia le corresponde dilucidar, en esta etapa de los procedimientos, si el foro primario actuó arbitrariamente o en exceso de su discreción al denegar la referida

solicitud interpuesta por el señor Rivera Meléndez. Los estándares de revisión según la normativa antes expuesta establecen los parámetros para los tribunales apelativos revisar decisiones interlocutorias del foro primario. Con esta premisa conceptual establecida, corresponde al peticionario fundamentar como el TPI excedió los parámetros legales o no consideró adecuadamente el derecho aplicable, así como, los factores y criterios que emanan de la normativa antes expuesta.

Tras un examen sosegado del recurso de epígrafe, concluimos que no concurren los criterios que justifiquen nuestra intervención sobre la *Resolución* recurrida, la cual no se aparta del estado de derecho vigente y aplicable a los asuntos relacionados a la prueba exculpatoria, según analizado por el foro primario. Tampoco identificamos indicio de pasión, parcialidad o error manifiesto en la determinación emitida. Por ello, al amparo de los dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, colegimos que lo razonable es abstenernos de ejercer nuestra función revisora en esta etapa de los procedimientos.

**IV.**

Por los fundamentos esbozados, declaramos no ha lugar la *Urgente: Moción en Auxilio de Jurisdicción* y denegamos la expedición del auto de *certiorari.*

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones